IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4002-10-CR-C-NKL |
| | ) | |
| CYRUS OTIS POPE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ORDER

On February 20, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Cyrus Otis Pope's ("Pope") motions for bill of particulars, severance, disclosure of confidential informants, and suppression of evidence. *See* Report and Recommendations [Doc. # 329, 330, 331, and 332]. Pope filed timely objections to the R&Rs [Doc. # 360]. After a *de novo* review of the record, the Court is convinced that the recommendations of the Magistrate are correct and should be adopted.

I.  **Disclosure of Confidential Informants**

The Constitution does not require that prosecutors disclose the identity of confidential informants in every case. *McCray v. Illinois*, 386 U.S. 300 (1967). To compel disclosure of a confidential informant's identity, a defendant must show that his

1

right to the information outweighs the Government's traditional privilege to withhold it. *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). "In order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). An informant's testimony is material if it is necessary to ensure a fair trial or is relevant and helpful to the defense theory or the case. *Id*. Under this standard, the identity of a "tipster" whose observations formed the basis for a search warrant but who will not be a witness at trial is not subject to compulsion. *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997). The defendant bears the burden of demonstrating a need for disclosure. *Id*. (citing *Roviaro*, 353 U.S. at 59.

In neither his original motion nor in his objections has Pope demonstrated that the non-testifying confidential informants have any evidence which is material to any issue in this case. Conclusory statements that disclosure of such informants "would clearly aid defendant in the preparation of his defense, and help ensure that he receives a fair trial" are unpersuasive. Those government witnesses who will testify must be disclosed seven days before trial per the Court's Scheduling Order, along with any information concerning plea agreements and inducements. The Government has indicated it will comply with that Order, and the Court finds no reason to accelerate those deadlines.

**II.   Suppression of Evidence Obtained Through Interception of Wire Communications**

2

An order authorizing a wiretap must include, among other things, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 § 2518(1)(c). Law enforcement need not exhaust all other possible sources of evidence to satisfy § 2518(1)(c). *See United States v. Matya*, 541 F.2d 741, 745 (8th Cir. 1976). DEA agent Steve Mattas testified that a wiretap was necessary in this case because, although an investigation had been ongoing for some time, the government needed corroborating evidence of the scope of the conspiracy involved which they had not been able to acquire through other means. Pope argues that the wiretap order (and its 30 day extension) was unnecessary because the government already had all the evidence it needed to prosecute its case. He suggests that under Judge Knox's reasoning, the necessity requirement is meaningless because the government can always claim it needs more evidence. Be that as it may, Pope makes no attempt to impeach Mattas's testimony concerning the necessity of the warrant or the affidavit supporting the extension of the wiretap for an additional 30 days. "If law enforcement officers are able to establish that conventional investigatory techniques have not been successful in exposing the full extent of the conspiracy and the identity of each coconspirator, the necessity requirement is satisfied." *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003). Presented with Mattas's testimony and no countervailing evidence, the Court finds no reason to suppress evidence obtained through the wiretap.

Finally, Pope argues that two of the intercepted wire communications should have been minimized when agents realized that the calls related to "fishing" rather than to drug trafficking. The Court reviews the Government's failure to minimize surveillance for objective reasonableness. *Scott v. United States*, 436 U.S. 128, 137-38 (1978); *United States v. Macklin*, 902 F.2d 1320, 1328 (8th Cir. 1990). When determining whether the Government's surveillance was reasonable, "a reviewing court must consider a variety of factors, including the scope of the enterprise, the agent's reasonable expectation of the content of a call, the extent of judicial supervision, length and origin of a call, and use of coded or ambiguous language." *Macklin*, 902 F.2d at 1328. More extensive wiretapping is reasonable when the investigation focuses on determining the scope of a widespread conspiracy. *Scott*, 436 U.S. at 1340. This is also true when the conversations are in the jargon of the drug trade. *United States v. Losing*, 539 F.2d 1174, 1180 (8th Cir. 1976); *United States v. Daly*, 535 F.2d 434, 439 (8th Cir. 1976); *United States v. Davis*, 882 F.2d 1334, 1345 (8th Cir. 1989). The Government's conduct can be reasonable even if the total number of conversations intercepted contained a high percentage of nonpertinent calls. *Scott*, 436 U.S. at 140; *United States v. O'Connell*, 841 F.2d 1408, 1417 (8th Cir. 1989). Under the circumstances of this case, the Court finds the extent of the Government's wiretapping objectively reasonable.

### III. Suppression of Evidence Seized

Pope objects to Judge Knox's R&R as to the evidence seized at his residence on the grounds that the search warrant was not sufficiently particular and that the statements

in the affidavit supporting the warrant did not meet the standard for probable cause. The Court agrees with Judge Knox. A warrant must be sufficiently definite so as to enable the executing officer to ascertain and identify the place to be searched and the objects to be seized. *Steele v. United States*, 267 U.S. 498, 503-04 (1925); *United States v. Davis*, 557 F.2d 1239, 1248 (8th Cir. 1977). "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir. 1976); *see also United States v. Peters*, 791 F.2d 1270, 1278 n.3 (7th Cir. 1986); *United States v. DeLuna*, 763 F.2d 897, 908 (8th Cir. 1985). One category of evidence described in the warrant included

> Any and all tax records, books, records, receipts, bank statements, and records, money drafts, letters of credit, money orders, and cashier's checks, receipts, passbooks bank checks, lease agreements, loan records, documents and/or keys relating to safe deposit boxes and other items evidencing the obtaining, secreting, transfer, and/or concealment of assets, and the obtaining, secreting, transfer concealment and/or expenditure of money gained through drug trafficking, including but not limited to, paper and computer formats.

Other categories included, "Any and all records, tickets, notes, schedules, receipts, and other items relating to intrastate, interstate, and foreign travel, including but not limited to, paper and computer formats, and packages"; "Any and all address and/or telephone books and records reflecting names, addresses, and/or telephone numbers, including but not limited to, paper and computer formats"; "Any and all books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase, and distribution of controlled substances, including but not limited to, paper and computer

5

formats"; "Any and all United States currency and financial instruments, including stocks and bonds which are evidence of the receipt, transfer, and secreting of assets." The Court finds the warrant was sufficiently particular to satisfy the Fourth Amendment.

With regard to the sufficiency of the affidavit supporting the warrant, the standard for determining whether information obtained from confidential informants and other sources is a "totality of the circumstances" test. *United States v. Ross*, 713 F.3d 389, 393 (8th Cir. 1983). Where police obtain information from a confidential informant, the informant's reliability, veracity and basis of knowledge are relevant considerations rather than independent elements necessary to a finding of probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983); *Ross*, 713 F.2d at 393. For example, "an informant's clear basis of knowledge [can] be balanced against, rather than automatically overruled by, that informant's lack of a 'track record' of reliability." *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). Moreover, the informant's information in this case was corroborated by the interception of a significant number of wire communications related to drug sales. Given the totality of circumstances, there was probable cause for the warrant to search Pope's residence.

Even if there weren't, however, the search conducted was based upon the officers' good-faith reliance on a judicially authorized warrant and thus any evidenced seized should not be suppressed. *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Moore,* 41 F.3d 370, 376 (8th Cir. 1994). The good faith exception allows evidence obtained pursuant to a search warrant, later found to be invalid, to be admissible if the

6

executing officers acted in good faith and in objectively reasonable reliance on the warrant. *United States v. Leon*, 468 U.S. at 922. There is no evidence before the Court that the warrant was obviously deficient on its face such that a reasonable officer could not have relied on it in good faith. Consequently, Judge Knox's R&R as to the evidence seized will be adopted.

**IV.     Severance**

Pope argues that his case should be severed under Fed. R. Crim. P. 14(a). Joinder is proper under Rule 8(b) where co-defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Indeed, there is a preference for joint trials under the Federal Rules. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006). A court may grant a defendant's motion to sever where "joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14. However, a "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. Persons charged in a conspiracy are generally tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. *United States v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990); *see also United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required).

7

Separate trials are not required just because a defendant did not participate in all aspects of the conspiracy. *United States v. Kaminski*, 692 F.2d 505, 520 (8th Cir. 1982). Pope has pointed to no prejudicial effect he will suffer as a result of being tried with his co-defendants sufficient to justify severance under Rule 14.

**V.    Bill of Particulars**

Finally, Pope has alleged that Count One of the Indictment is so vague and indefinite that he will be denied his right to a fair trial unless the court orders the filing of a bill of particulars. Count I charges that Pope conspired with others to

> knowingly and intentionally distribute and possess with the intent to distribute a controlled substance, that is, 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Pope argues that the indictment, which spans conduct from 1998 to 2005, does not give him adequate notice of the dates he is alleged to have participated in the conspiracy, whom he conspired with on such dates, where the conspiracy occurred, and the specific amounts of drugs he is believed to be responsible for. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.1980)). The district court has broad discretion to grant or deny a bill of particulars, *United States v. Sileven*, 985

8

Case 2:06-cr-04002-BCW     Document 503     Filed 07/31/07     Page 8 of 9

F.2d 962, 966 (8th Cir. 1993). As the Court concludes the indictment is sufficient on its face, no bill of particulars is necessary in this case.

## VI. Conclusion

Accordingly, it is

ORDERED that Judge Knox's Report and Recommendations of February 20, 2007 [Doc. # 329, 330, 331, and 332], are ADOPTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 31, 2007
Jefferson City, Missouri